IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GARY DUSTIN HOLLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-01127-O-BP |
| | § | |
| GARY D'S AUTOMOTIVE, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this case, Plaintiff Gary Dustin Holland, proceeding *pro se*, has filed a civil case along with a motion for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 3. The undersigned was preliminarily assigned to the case pursuant to 28 U.S.C. § 636(b) and Special Order No. 3. ECF No. 4. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Gary Dustin Holland is the plaintiff. He named as defendants Gary D's Automotive, Inc. and Gary Dale Holland. ECF No. 1.

C.   LEGAL ANALYSIS

Plaintiff accompanied his complaint with an unsigned and incomplete long-from motion to proceed IFP under 28 U.S.C. § 1915 *et. seq.* ECF No. 3. Whether to permit or deny an applicant

1

to proceed IFP is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should make the determination of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Id*. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

The Court reviewed Plaintiff's IFP application and ordered him to file a signed and fully completed IFP application on or before December 17, 2024 or pay the $405 filing fee by that date. ECF No. 6. The Court cautioned him that failure to comply with the Order could result in dismissal of the case without further notice. *Id.* When Plaintiff did not do so, the Court ordered him to show cause why he failed to comply with the Order to pay the fees or return a completed IFP form on or before January 2, 2025. ECF No. 7. The Court noted that Plaintiff could avoid having to show cause by either paying the fees or completing all sections of the IFP application form, signing it, and filing it with the clerk on or before that deadline. *Id.* To date, Plaintiff has not complied with or otherwise responded to the Court's orders.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff did not to comply with this Court's deficiency and show cause orders, this case may be dismissed for failure to comply with a Court order and for lack of prosecution under Federal Rule of Civil Procedure 41(b).

RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Plaintiff's claims for lack of prosecution, without prejudice to their being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on January 7, 2025.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE